UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO CORTEZ BUCKLEY,<br><br>        Plaintiff,<br><br>   v.<br><br>A.K. SCRIBNER, et al.,<br><br>        Defendants. | CASE NO. 1:04-cv-5622-MJS (PC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION AND REQUIRING PLAINTIFF TO COMPLY WITH SCREENING ORDER<br><br>(ECF No. 30)<br><br>Plaintiff must amend or notify by September 30, 2010 |

Plaintiff Antonio Cortez Buckley is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On August 6, 2010, the Court found that Plaintiff had stated a cognizable claim against some Defendants for violation of his First Amendment right to free exercise of his religion. (ECF No. 29.) The Court also found, however, that Plaintiff had failed to state a First Amendment claim against other Defendants, and that he had failed to state a claim under the Religious Land Use and Institutionalized Persons Act. The Court gave Plaintiff the option of either proceeding on his cognizable claim or amending his entire complaint. (Id.) Plaintiff filed a motion for reconsideration on August 23, 2010.[1] (ECF No. 30.)

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent

---

[1] Plaintiff's Motion is entitled: "Plaintiff's Appeal from Magistrate Judge Michael J. Seng Screening Order to District Judge Under Title 28 U.S.C. Section 636(c)(4) and Rule 73(d)." (ECF No. 30.) Prior to 1996, 28 U.S.C. § 636(c)(4) and Rule 73(d) allowed parties who had consented to the jurisdiction of the Magistrate Judge to also elect to have their appeals handled by the district judges. However, these provisions were repealed in 1996. See Roell v. Withrow, 538 U.S. 580 (2003) (noting change in law). Plaintiff has consented to having a magistrate judge handle all proceedings in this case and no other party has appeared. Thus, he is not entitled to have a district judge review the Court's Screening Order. L.R. Appendix A(k)(4). Because Plaintiff is not entitled to review by a district judge, the Court docketed the instant motion as one for reconsideration pursuant to Rule 60(b).

1  manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.
2  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation
3  omitted).  The moving party "must demonstrate both injury and circumstances beyond his
4  control . . . ." Id. (internal quotation marks and citation omitted).  In seeking reconsideration
5  of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or
6  circumstances are claimed to exist which did not exist or were not shown upon such prior
7  motion, or what other grounds exist for the motion."

8  "A motion for reconsideration should not be granted, absent highly unusual
9  circumstances, unless the . . . court is presented with newly discovered evidence,
10 committed clear error, or if there is an intervening change in the controlling law," Marlyn
11 Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009)
12 (internal quotations marks and citations omitted), and "[a] party seeking reconsideration
13 must show more than a disagreement with the Court's decision, and recapitulation . . . " of
14 that which was already considered by the Court in rendering its decision.  U.S. v.
15 Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

16 The basis for Plaintiff's motion for reconsideration is his disagreement with the
17 Court's screening decision and the Court's application of the law to his complaint.  Plaintiff
18 has not shown clear error or other meritorious grounds for relief, and has therefore not met
19 his burden as the party moving for reconsideration.  Marlyn Nutraceuticals, Inc., 571 F.3d
20 at 880.  Plaintiff's disagreement with the Court's ruling is not sufficient grounds for relief
21 from the order.  Westlands Water Dist., 134 F.Supp.2d at 1131.

22 Plaintiff's motion for reconsideration [ECF No. 30] is DENIED, with prejudice, and
23 Plaintiff is required to comply with the Court's Screening Order.  Plaintiff must file an
24 amended complaint or notify the Court of his willingness to proceed only on the claim found
25 cognizable by **September 30, 2010.**

26 IT IS SO ORDERED.

27 Dated:   September 6, 2010         /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE
28