# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO CORTEZ BUCKLEY,<br><br>Plaintiff,<br><br>v.<br><br>A.K. SCRIBNER, et al.,<br><br>Defendants.<br>_____/ | CASE NO.   1:04-cv-5622-MJS (PC)<br><br>ORDER DENYING MOTION TO RECONSIDER<br><br>(ECF No. 42) |

Plaintiff Antonio Cortez Buckley ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On August 6, 2010, the Court screened Plaintiff's Amended Complaint and found that he stated a cognizable claim for violation of the First Amendment against some Defendants, but failed in his attempts to state other claims. (ECF No. 29.) He appealed this Court's denial of his motion to reconsider, but the Ninth Circuit dismissed his appeal for lack of jurisdiction.

The Court then ordered Plaintiff to notify it as to whether he wanted to file a second amended complaint and  address the deficiencies noted in the prior screening order or whether he was willing to proceed only on the claims found cognizable. (ECF No. 37.) Plaintiff indicated that he wanted to file a second amended complaint and did so on February 16, 2011. (ECF No. 40.) The Court screened Plaintiff's Second Amended Complaint and found that the allegations related to Plaintiff's First Amendment claim—the only claim found cognizable by the Court—were identical to those in his First Amended Complaint. The Court therefore dismissed Plaintiff's Second Amended Complaint as

1  duplicative and ordered Plaintiff to complete service documents for the Defendants against
2  whom Plaintiff stated a First Amendment claim. (ECF No. 41.)

3  Before the Court is Plaintiff's Motion to Reconsider asking the Court to reconsider
4  its order screening Plaintiff's Second Amended Complaint. (ECF No. 17.) Plaintiff points
5  out that his Second Amended Complaint was not duplicative of the First Amended
6  Complaint in that he did not include his RLUIPA claim (which the Court dismissed for
7  failure to state a claim). Plaintiff does not dispute the Court's finding that the allegations
8  that make up Plaintiff's First Amendment claim are identical in both the First and Second
9  Amended Complaints.

10  "A motion for reconsideration should not be granted, absent highly unusual
11  circumstances, unless the . . . court is presented with newly discovered evidence,
12  committed clear error, or if there is an intervening change in the controlling law," Marlyn
13  Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009)
14  (internal quotations marks and citations omitted), and "[a] party seeking reconsideration
15  must show more than a disagreement with the Court's decision, and recapitulation . . . " of
16  that which was already considered by the Court in rendering its decision. U.S. v.
17  Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

18  The basis for Plaintiff's Motion for Reconsideration is his disagreement with the
19  Court's Screening Order. Plaintiff argues that he stated a claim for retaliation and
20  discrimination. The Court finds that Plaintiff has not shown clear error or other meritorious
21  grounds for relief, and has therefore not met his burden as the party moving for
22  reconsideration. Marlyn Nutraceuticals, Inc., 571 F.3d at 880. Plaintiff's disagreement with
23  the Court's ruling is not sufficient grounds for relief from the order. Westlands Water Dist.,
24  134 F.Supp.2d at 1131.
25  ///
26  ///
27  ///
28  ///

1  Accordingly, Plaintiff's Motion for Reconsideration is DENIED with prejudice.
2  Plaintiff is to complete and return the service materials by the date previously ordered or
3  risk dismissal of this case for failure to prosecute.

7  IT IS SO ORDERED.
8  Dated:   March 12, 2011         /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE