IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO CORTEZ BUCKLEY, | CASE No. 1:04-cv-05622-LJO-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER |
| vs. | |
| A.K. SCRIBNER, et al., | (ECF No. 84) |
| Defendants. | |

I.  **PROCEDURAL HISTORY**

Plaintiff Antonio Cortez Buckley is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed on April 26, 2004 pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff is proceeding on his First Amended Complaint claim that Defendants Dotson, Parangan, Jarralimillio, Peck, Lerman, and Ocegura violated his First Amendment right to free exercise of religion. (ECF Nos. 29, 48, 51.)  On July 11, 2012, Defendants filed a motion for summary judgment. (ECF No. 78.) On August 1, 2012, the Court issued its amended second informational order - notice and warning of requirements for opposing Defendants' summary judgment motion (ECF No. 81), requiring that Plaintiff's file his response to Defendants' motion for summary judgment

-1-

not later than October 4, 2012. On September 4, 2012, Plaintiff filed a request for order to show cause and temporary restraining order ("TRO"), requiring corrections staff provide him access to the Salinas Valley State Prison (SVSP) law library to prepare his opposition to Defendant motion for summary judgment. (ECF No. 84.) On September 4, 2012, Plaintiff also filed his opposition to Defendants' motion for summary judgment. (ECF No. 85-89.) The request for TRO is now before the Court.

## II.    ARGUMENT

Plaintiff argues in support of his motion: He has advised SVSP corrections staff of his deadline to file opposition to Defendants' motion for summary judgment.  SVSP is on lockdown.  Prison; staff has refused him access to the law library to copy his opposition documents as necessary for filing.  Staff has not responded to his appeal seeking library access.

He asks the Court to provide relief by issuing a TRO.

## III.   LEGAL STANDARDS

The relief Plaintiff seeks is injunctive in nature. Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009), quoting Winter, 555 U.S. at 20. An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Winter, 555 U.S. at 22.

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ("PLRA"), which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the

1 violation of the federal right, and is the least intrusive means necessary to correct the
2 violation of the federal right."

3 Injunctive relief should be used "sparingly, and only . . . in clear and plain
4 case[s]." Rizzo v. Goode, 423 U.S. 362, 378 (1976).

## IV. ANALYSIS

Plaintiff has failed to satisfy the legal prerequisites for injunctive relief.

On September 4, 2012, Planitiff filed his opposition to Defendants' motion for summary judgment. This filing is inconsistent with the claim that Plaintiff will suffer irreparable harm if the relief is not granted and effectively renders the motion moot. Preiser v. Newkirk, 422 U.S. 395, 402–03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991); see also Andrews v. Cervantes, 493 F.3d 1047, 1053, n.5 (9th Cir. 2007). The harm alleged here does not "fall within that category of harm 'capable of repetition, yet evading review'". Preiser, 422 U.S. 395 at 403, quoting Southern Pacific Terminal Co. v. ICC, 219 U.S. 498, 515 (1911). There is no real and immediate threat of injury requiring the extraordinary remedy of injunctive relief. See City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects.") Even if Plaintiff has not yet filed his opposition, it is not due until October 4, 2012, obviating any claim of immediate threat.

Additionally, there is no allegation of facts demonstrating a likelihood of success on the merits.

The absence of a showing of likelihood of success on the merits and of irreparable harm leaves nothing to tip the balance of equities in Plaintiff's favor, or suggest that an injunction would be in the public interest. The state is not required to enable inmates to litigate effectively. Lewis v. Casey, 518 U.S. 343, 354 (1996).

-3-

Absent the existence of exceptional circumstances not present here, the Court will not intervene in the day-to-day management of prisons. See e.g., Overton v. Bazzetta, 539 U.S. 126, 132 (2003) (prison officials entitled to substantial deference); Sandin v. Conner, 515 U.S. 472, 482-83 (1995) (disapproving the involvement of federal courts in the day-to-day-management of prisons).

Plaintiff's allegations do not support an entitlement to injunctive relief.

## V.  CONCLUSION AND ORDER

Plaintiff fails to provide facts which would enable the Court to find that he is in need of and entitled to injunctive relief.

Accordingly, for the reasons stated above the Court RECOMMENDS that Plaintiff's request for TRO (ECF No. 84) be DENIED without prejudice. These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 6, 2012                    /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE