1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ANTONIO CORTEZ BUCKLEY,

CASE No. 1:04-cv-05622-LJO-MJS

                    Plaintiff,

ORDER ADOPTING FINDINGS AND RECOMMENDATION DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

   v.

(ECF No. 78, 102)

A. K. SCRIBNER, et al.,

CASE TO REMAIN OPEN

                 Defendants.

_____/

I.    **PROCEDURAL BACKGROUND**

      Plaintiff Antonio Cortez Buckley, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on April 26, 2004 pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 of the United States District

Court for the Eastern District of California.

On February 28, 2013, Findings and Recommendation were filed in which the Magistrate Judge recommended that Defendants' Motion for Summary Judgment filed July 11, 2012 (ECF No. 78), be DENIED by the District Judge. (ECF No. 102.) The parties were notified that objection, if any, was due within fourteen days. (Id.)

On March 14, 2013, Defendants filed Objections to the Findings and Recommendation. (ECF No. 103.) Plaintiff has not filed a reply to Objections and the time for doing so has expired. (ECF 102 at § V.)

**II.**   **DISCUSSION**

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendation to be supported by the record and by proper analysis.

**A.**   **Defendants' Objections**

Defendants argue they did not substantially burden Plaintiff's exercise of his Jewish religion because (1) even if Plaintiff's sole "white" kippah was confiscated on April 29, 2003, the color "white" is not central to his religion, he had at least one other [green] kippah, and it is speculative to conclude he could not wear his remaining [green] kippah outside his cell, (2) Defendant Peck, based upon the weight of the evidence before the Court, did not destroy Plaintiff's confiscated religious property, (3) alleged denial of chapel access did not deprive Plaintiff of Jewish services or programming or designated chapel time (there were none at times relevant); he could worship in his cell.

-2-

1
2
3

Defendants reargue their entitlement to qualified immunity claiming there is no underlying First Amendment violation and that it would not have been clear to them that their actions may have been unlawful in the context alleged.

4
5
6
7
8

Defendants re-assert their "authenticity" objection to the Muslim Chaplin's April 9, 2003 Memorandum (Pl. Evi. in Supp. Opp'n, ECF 89, at 62 - wherein Plaintiff was permitted one black kippah and one white kippah), which objection was overruled by the Magistrate.

9
10
11

Defendants request, for the first time, partial summary judgment on the basis that Defendant Dotson did not participate in the April 29, 2003 kippah confiscation and is not liable thereon.

12
13

**B.   Objections Lack Merit**

14
15
16
17
18
19
20
21
22
23
24
25
26
27

The Court finds Defendants' Objections lack merit. The Objections on grounds Defendants did not substantially burden Plaintiff's religious exercise do not raise an issue of law or fact under the Findings and Recommendation. Plaintiff proffered evidence in the record, otherwise admissible and considered by the Magistrate, sufficient to create a genuine issue whether confiscation of all his black and white kippahs denied him any kippah approved by prison officials, (Pl's Opp'n, ECF No. 86, at 18), preventing him from covering his head during the day as mandated by his religion. (Id.) Likewise as to the issue whether denial of chapel access on April 15, 2003, otherwise authorized by a prison official for Plaintiff to meet with the Muslim Chaplin who had been assigned to Jewish prisoners (Pl Opp'n, ECF 89, at 146-47), prevented Plaintiff from pursuing his religious purposes and service. (Id.) In-cell worship, argued by Defendants as an alternative to chapel worship, requires chapel access be denied for

1
2
3

legitimate penologic purposes. <u>Turner v. Safley</u>, 482 U.S. 78, 89-90 (1987). Defendants have not supported any legitimate penologic purpose for denying chapel access on April 15, 2003.

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

 Defendants' suggest the Court should weigh the parties' conflicting evidence whether Defendant Peck participated in destruction of Plaintiff's religious property on May 11, 2003, and find Plaintiff's evidence undermined by Defendant's more credible evidence. However, the Court's function on summary judgment is not to weigh the evidence. <u>See</u> <u>Soremekun v. Thrifty Payless, Inc.</u>, 509 F.3d 978, 984 (9th Cir. 2007) ("In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. Rather, it draws all inferences in the light most favorable to the nonmoving party."). Nor does Defendant Peck's showing constitute undisputed evidence rendering Plaintiff's showing incredible. <u>Kennedy v. Applause, Inc.</u>, 90 F.3d 1477, 1481 (9th Cir. 1996). Significantly, the copy of CDC Form 193 signed by Officer Ocegura for Officer Peck does no more than demonstrate the issue is disputed. <u>Jones v. Tozzi</u>, 2007 WL 433116 at *12 (E.D. Cal. 2007). This objection does not raise an issue of law or fact under the Findings and Recommendation.

19
20
21
22
23
24
25
26
27

 Defendants' objection rearguing qualified immunity fails where, as here, there are factual disputes as to the parties' conduct or motives, such that the case can not be resolved at summary judgment on qualified immunity grounds. <u>See</u> <u>Liston v. County of Riverside</u>, 120 F.3d 965, 977 (9th Cir. 1997); <u>Collins v. Jordan</u>, 110 F.3d 1363, 1369-70 (9th Cir. 1997); <u>Alexander v. City of San Francisco</u>, 29 F.3d 1355, 1364 (9th Cir. 1994); <u>ACT UP!/Portland v. Bagley</u>, 988 F.2d 868, 873 (9th Cir. 1993). This objection does not raise an issue of law or fact under the Findings and Recommendation.

-4-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Defendants' reassertion of their "authenticity" objection to the Muslim Chaplin's April 9, 2003 Memorandum, overruled by the Magistrate, is unavailing. On summary judgment, the non-moving party's evidence need not be in a form that is admissible at trial. See Burch v. Regents of the University of California, 433 F.Supp.2d 1110, 1119 (E.D. Cal. 2006), citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, a court is concerned with the admissibility of the contents of the evidence. Id. The Memorandum, on Department of Corrections letterhead and captioned as response to Plaintiff's April 2, 2003 inmate appeal, appears to be sufficiently genuine and authenticated by its content and distinctive characteristics. Fed. R. Civ. P. 901(b)(4); Las Vegas Sands, LLC v. Nehme, 632 F.3d 526, 533 (9th Cir. 2011). Defendants do not suggest the Memorandum is not an official prison record. "[W]here the objecting party does not contest the authenticity of the evidence submitted, but nevertheless makes an evidentiary objection based on purely procedural grounds," then the court should consider the evidence. Id. In such a situation, it would appear equally probable that the document is what it purports to be as it is that it is not. See Burch, 433 F.Supp.2d at 1120. This objection does not raise an issue of law or fact under the Findings and Recommendation.

Defendants' objection on grounds Defendant Dotson is entitled to partial summary judgment as he did not directly participate in the April 29, 2003 kippah confiscation lacks merit. Plaintiff's operative pleading alleges Defendant Dotson ordered the April 29, 2003 confiscation. (First Am. Compl. at 17.) Defendants' Motion makes no showing otherwise and does not notice or request partial summary judgment. Fed. R. Civ. P. 56(a); Local Rule 230(b); Rodriguez v. Unknown-Named Disciplinary Hearings

-5-

1
2
3
4
5
6
7
8

<u>Agent</u>, 2010 WL 3125953 at *2 (E.D. Cal. August 06, 2010). Nor would Defendant Dotson be entitled to judgment on the First Amendment claim, the sole claim in issue, based on only a portion of such claim when there remain genuine issues of material fact as to Dotson's First Amendment liability. <u>See</u> <u>e.g.</u>, <u>Bonda Veevoederfabriek Provimi, B.V. v. Provimi, Inc.</u>, 425 F.Supp. 1034, 1036 (E.D. Wis. 1976) (judgment may not be entered only on a portion one claim). This objection does not raise an issue of law or fact under the Findings and Recommendation.

9

**III.    CONCLUSION AND ORDER**

10
11

        Plaintiff's Objections lack merit and fail to raise any material issue of law or fact under the Findings and Recommendation.

12
13

        Accordingly, IT IS HEREBY ORDERED that:

14
15
16

        1.    The Court adopts the Findings and Recommendation filed February 28, 2013 that Defendants' Motion for Summary Judgment be DENIED (ECF No. 102), in full; and

17

        2.    The Court Clerk is directed that this case shall remain open.

18

IT IS SO ORDERED.

19
20

Dated:   **March 26, 2013**        **/s/  Lawrence J. O'Neill**
                                    UNITED STATES DISTRICT JUDGE

21
22
23
24
25
26
27

-6-